16 U.S. 110 (____)
3 Wheat. 110
HAMPTON
v.
McCONNELL.
Supreme Court of United States.

*111 February 14th. Hopkinson, for the plaintiff in error.
Law, for the defendant in error.
February 24th, 1818. MARSHALL, Ch. J., delivered the opinion of the court.
This is precisely the same case as that of Mills v. Duryee; the court cannot distinguish the two cases. The doctrine there held was, that the judgment of a state court should have the same credit, validity and effect, in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States.
Judgment affirmed.[(a)]
NOTES
[(a)] In Mills v. Duryee, 7 Cranch 481, the following points were adjudged: 1st. That the act of 1790, ch. 38, prescribing the mode in which the public acts, records and judicial proceedings, in each state, shall be so authenticated as to take effect in every other state, declaring that the record of a judgment duly authenticated shall have such faith and *credit as it has in the state court from whence it was taken; if, [*236 in such court, it has the effect of record evidence, it must have the same effect in every other court within the United States. 2d. That in every case arising under the act, the only inquiry is, what is the effect of the judgment in the state where it pas rendered. 3d. That whatever might be the effect of a plea of nil debet to an action on a state judgment, after verdict, it could not be sustained on demurrer. 4th. That on such a plea, the original record need not be produced for inspection, but that an exemplication thereof is sufficient. 5th. That the act applies to the courts of the district of Columbia, and to every other court within the United States.

In the argument of Borden v. Fitch, 15 Johns. 121, in the supreme court of New York, it seems to have been supposed, that this court had decided, in Mills v. Duryee, that nul tiel record was the only proper plea to an action upon a state judgment. But is is conceived, that as to the pleadings, it only decided, that nil debet was not a proper plea; and that the court would hold that any plea (as well as nul tiel record) that would avoid the judgment, if technically pleaded, would be good. However this may be, it may safely be affirmed, that the question is still open in this court, whether a special plea of fraud might not be pleaded, or a plea to the jurisdiction of the court in which the judgment was obtained; for these might, in some cases, be pleaded in the state court to avoid the judgment.[1]
[1 It is now settled, that it is competent to show that the judgment was obtained by fraud, or that the court had no jurisdiction. Warren Manufacturing Co. v. Ætna Ins. Co., 2 Paine 502. A judgment obtained in a state court, without service upon the defendant, otherwise show by publication, is not evidence of any personal liability, outside of the state in which it was rendered. Board of Public Works v. Columbia College, 17 Wall. 521. The constitution does not prevent an inquiry into the jurisdiction of the court of another state, by which a judgment has been rendered, either as to the person or subject-matter. Thompson v. Whitman, 18 Wall. 457; Knowles v. Logansport Gas-Light and Coke Co., 19 Id. 58. The states have power to enact statutes of limitation, as to actions on judgments rendered in other states, provided a reasonable time be allowed for the commencement of a suit, before the bar takes effect. Bank of Alabama v. Dalton, 9 How. 522; Bacon v. Howard, 20 Id. 22; Terry v. Anderson, 95 U.S. 628. But they cannot create an absolute immediate bar to an existing right of action. Christmas v. Russell, 5 Wall. 290.]