16 U.S. 110 (____)
3 Wheat. 110
UNITED STATES
v.
150 CRATES OF EARTHEN-WARE.
Supreme Court of United States.

MARSHALL, Ch. J., delivered the opinion of the court.
In this case, the libel alleges, that the goods in question were exported from Bordeaux, in France, and entered at the office of the collector of the customs, at New Orleans, and that they were invoiced at a less sum than the actual cost thereof, at the place of exportation, with design to evade the duties thereon, contrary to the provisions of the 66th section of the collection law of 1799, ch. 128.
It appears in the case, that the goods were originally shipped from Liverpool, and were landed at Bordeaux. All question as to continuity of voyage, and as to whether Liverpool or Bordeaux ought to be deemed the place of exportation, is out of the case, because the information charges the goods to have been exported from Bordeaux. Upon the evidence, it appears, that the goods were invoiced at sixty or seventy per cent. below the price in New Orleans; which is supposed, was at least as high as the price would have been in Liverpool: but it also appears, that goods of this kind, at the time of their exportation from Bordeaux, were depreciated in value to an equal degree: and it is proved, that the same goods were offered to a witness at 50 per cent. below their cost at Liverpool. The court is, therefore, not satisfied, that the goods were invoiced below their true value at Bordeaux, *234] with a design to evade the lawful *duties; and the inquiry as to their value in the port from which they were originally shipped is excluded, by the form in which the libel is drawn. The decree of the district court, restoring the goods to the claimant, is, therefore, affirmed.
Decree affirmed.