## BLACKBURN and another *against* MARKLE.

IN ERROR.

*Chambersburg, Monday, October 4.*

Upon a report of referees finding a sum due by the plaintiff to the defendant, the latter cannot enter judgment to recover the sum, and issue execution. His remedy is by *scire facias*, or perhaps by attachment.

ERROR to the Common Pleas of *Huntingdon.*

The parties having had a controversy in relation to an exchange of lands, *Blackburn* and *Confare* instituted an ejectment, in which by consent judgment was entered for the plaintiffs, and by rule of Court it was referred to three men, " who taking into view all the circumstances of the " transaction, were to make report what sum was to be paid " to the defendant, the plaintiffs holding both properties " mentioned in the articles of exchange. Articles of ex- " change to be delivered up, on the report being made and " confirmed." The arbitrators made an award for 1,296 dollars 46 cents in the defendant's favour, upon which he entered up judgment, and issued execution.

The question was whether the judgment and execution were erroneous.

1813.

BLACKBURN
et al.
*v.*
MARKLE.

*S*. *Riddle* and *Duncan* for the plaintiffs in error, contended they were; and that the only remedy was by *scire facias* under the defalcation act of 1705, or by attachment; but before the Court issued the attachment, or granted judgment on the *sci. fa.*, they would compel the defendant to give up the articles of exchange, which had not been done.

*Huston* in reply, said that the agreement of reference was in fact a new action: judgment had been entered in the ejectment, and this was a proceeding entirely collateral to it. In what form could the *scire facias* have issued? How call on the plaintiff in ejectment to shew cause why he did not pay money to the defendant?

TILGHMAN C. J. This agreement was entirely collateral to the action. It would have been better to have entered a new action, in which the defendant should have been plaintiff. Being made however by rule of Court, the party injured by non-performance of the award, might perhaps have remedy by attachment, but as to that I give no opinion. That is the mode by which reports under rules of Court are enforced in *England*, and could have been enforced here, but for an act of assembly, which authorizes the entry of a *judgment* in the same manner as upon the verdict of a jury. *Act for Defalcation*, 1705. But suppose that upon the verdict of a jury, a sum of money should be found due from the plaintiff to the defendant. At common law no judgment can be entered for the defendant to recover any money from the plaintiff. But here again our act of assembly alters the common law. In such case the defendant may have a *scire facias* against the plaintiff, on which he may have judgment and execution for the sum found in his favour. Reports of referees being put upon the same footing as verdicts, I do not see in what manner the defendant can support his proceedings. If his case falls within the act of assembly, he should have taken a *scire facias*, or as I have intimated, perhaps he might have had remedy by attachment. But even if it had been a proper case for an attachment, the Court would not have awarded it without enquiring whether the party moving for it, had done on his part every thing which he ought to have done, and in this case it appears that some-

1813.

BLACKBURN
et al.
v.
MARKLE.

thing was to be done by the defendant. He was to deliver up the articles of exchange. Consider the matter in what view you will, it appears to me that the judgment and execution were erroneous. I am therefore of opinion that they should be reversed.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment reversed.