Gulick *v.* Loder.

and sufficient freeholder, resident in the county to *join with such defendant in a confession of judgment* to the adverse party.

CATHARINE GULICK, Executrix, and MERARI GULICK, Executor of SAMUEL GULICK, deceased, v. JOHN LODER.

Where the plaintiffs declared on a judgment bearing date on the sixteenth day of August, seventeen hundred and ninety-nine, and the record produced was of a judgment recovered on the seventeenth of August, seventeen hundred and ninety-nine, the variance was considered material and fatal.

This is the same action which is reported in 1 *Green* 69. The question now determined, arose at the bar of the court upon the production of the record under the plea of *nul tiel record.*

The opinion of the court was delivered by

HORNBLOWER, C. J. The declaration contains two counts. The first is on a judgment obtained by Samuel Gulick, the testator, in the court of common pleas, of the county of Northampton, in the state of Pennsylvania, on the 17th of August, 1799, against John Loder, the defendant in this action, and one William Loder, for 50*l.* 5*s.* 7*d.* This count sets forth that Samuel Gulick, on the 17th of August, 1799, at &c. in the court of common pleas, of &c. by the judgment of the said court, recovered against the said John Loder, and one William Loder, *who was impleaded with him*, the sum of &c.

The second count, is in all respects like the first, except that it states the recovery to have been had on the 16th, instead of the 17th of August, 1799.

Gulick *v.* Loder.

To each of these counts, the defendant has pleaded *nul tiel record*, and issue has been thereupon joined by the usual replications. The cause now comes before the court for trial by record. The plaintiffs in support of the issues, on their part, have brought into court an exemplification of a record, in the following words and figures, viz : " Pennsylvania, Northampton county, ss.—Among the records of the court of common pleas, of the county of Northampton, in the Commonwealth of Pennsylvania, is contained, of the term of November, A. D. one thousand seven hundred and ninety-eight : number nine : Northampton county, ss.—The Commonwealth of Pennsylvania to the sheriff of the county of Northampton, greeting : We command you that you summon Samuel Gulick, late of your county, yeoman, so that he be and appear before our Judges at Easton, at our county court of common pleas, there to be held on the twelfth day of November next, to answer William Loder and John Loder, of a plea that *he* render unto *them* four hundred pounds, lawful money, &c. which to them he owes, and unjustly detains, &c. witness, &c. which said writ on the return day aforesaid, to wit, on the 12th day of November, aforesaid, is returned by the sheriff of the said county, to wit, Henry Speering, esq. summons served. And now January 15th, 1799, referred to Hugh Forceman, Joseph Bowman and Samuel Kirkendall, esq. or any two of them. Exparte rule on ten days notice. And now August 15th, 1799, report of referees filed, finding in favour of *defendant* fifty pounds, five shillings and seven pence ; and now, August 17th, 1799, on motion of Mr. Hopkinson, attorney, on the record for the defendant, the court confirm the said report of referees, and order judgment to be entered thereupon : whereupon, it is considered by the court here, that the said Samuel Gulick, do recover against the said William Loder and John Loder, the said sum of fifty pounds, five shillings and seven pence of debt, so found and reported by the referees as aforesaid.

This is the whole of the record ; and however unlike what we have been accustomed to consider as a judgment roll, or record of recovery, if it responds to the record set out in the declaration, we are bound by the constitution of the United States, and the acts of Congress in relation to this subject ; or at least

by the construction put upon those instruments, not only to give to *it* such *faith and credit*, as it is entitled to by law or usage in Pennsylvania; but also the same effect it would have in the courts of that state. *Mills* v. *Duryee*, 7 *Cranch* 481; *Fields* v. *Gibbs*, 1 *Peters C. C. R.* 155; *Lanning* v. *Shute*, 2 *South. Rep.* 778; *Gulic* v. *Loder*, 1 *Green's Rep.* 68; *Green* v. *Sarmiento*, 1 *Peters C. C. R.* 74.

Does then the record shown to the court, support the plaintiff's declaration? If applicable to either count, it must be to the second, for the first count is on a judgment recovered on the 16th August, 1799; whereas, the record produced, is of a judgment recovered on the 17th August, 1799. But the declaration is in form and substance, founded on a judgment or recovery at the common law. It is on a recovery in a suit, in which Samuel Gulick plaintiff, *impleaded* William Loder, and John Loder, defendants. 1 *Chitty pl.* 354, 355. But the record produced, instead of being a record of a recovery at law, in a suit in which William Loder was *impleaded* with John Loder, by Samuel Gulick, is a record of a judgment on the report of referees, in a suit in which Samuel Gulick was *impleaded*, or *sued* (which is the same thing, 3 *Jac. Law Dict.* 393) by William Loder and John Loder. There is then, a material, and I think, a fatal variance, between the record declared on, and the one shown to the court; and such I apprehend, would be the opinion of any competent court in Pennsylvania. Suppose that we should give judgment for the plaintiffs upon this issue; and hereafter, they should proceed by scire facias or action of debt, upon this Pennsylvania record, in a court of that, or of any other state, and should set it out according to its real character: namely, that in a suit brought by William Loder, and John Loder, against Samuel Gulick, such proceedings had been therein had, that he recovered against them; would our judgment for the plaintiffs upon the declaration filed in this cause, support a plea of former recovery in this court? I think it would not; for no court could say, upon the bare inspection of the record, that it was an action on the same judgment: and no evidence *in pais* could be received to show the indentity of the record. In my view of the case therefore, it is not necessary to enquire what effect this record would have, by any law or

Gulick *v.* Loder.

usage in the state of Pennsylvania. It will be time enough to settle that question when an action shall be brought upon it here, and the plaintiffs shall file a declaration disclosing the real character and contents of the record; and shewing, as *perhaps* they ought to do, by proper averments, that by the laws of Pennsylvania, a judgment may be entered in favor of a defendant upon the verdict of a jury, or the report of referees, for a balance in his favor. This is certainly not a common law record or proceeding. There could be no judgment at the common law, for the recovery of money by a defendant against a plaintiff. If, therefore, this record is of any force or effect as a judgment in Pennsylvania, it must be in virtue of some statute or usage peculiar to that state, and local in its operation: and if any such law or usage exists, how is this court upon the trial of this issue, to be judicially ascertained of the fact, or of the nature, extent and provisions of such law or usage? This court is neither bound nor presumed to take judicial notice of the laws or usages of other states. I very much doubt, however, whether any such judgment as this, is authorized by the laws of Pennsylvania. It appears by the case of *Blackburne* v. *Markle*, 6 *Bin. Rep.* 174, that the statute of Pennsylvania, commonly called in that state, " the act for defalcation; " passed in 1705; (1 *Smith's Laws of Pennsylvania*, 49, 50, *sec.* 3;) which was still in force in 1813, when that case was decided, does not, like ours, authorize a judgment to be entered in favor of a *defendant*, for a balance found due to him, by the verdict of a jury, or the report of referees. It only makes the balance so found, a debt of record, for the recovery of which, the party may have a scire facias, or an attachment.

Without, however, giving any opinion upon the matters above suggested, I think there must be judgment for the defendant, on the ground of the variance between the record shown to the court, and the one declared on.

FORD, J. concurred in giving judgment for the defendant, for the reason last mentioned.

RYERSON, J. gave no opinion; he not being on the bench when the cause was submitted.

Judgment for the defendant.