Nov. Term,
**1837.**

———————

Brown
v.
Trulock.

</div>

---

## Brown, Executor, *v.* Trulock.

The want or failure of consideration is no defence to an action of ·debt on a judgment rendered in this state by a justice of the peace.

APPEAL from the *Scott* Circuit Court. The demurrers to the special pleas in this case were overruled by the Court below, and a judgment was there rendered for the defendant.

<div align="right">

*Saturday,*
*December* 9.

</div>

Sullivan, J.—This is an action of debt founded upon the record of a judgment of a justice of the peace of *Scott* county. To the declaration the defendant pleaded, 1st, *nil debet*, on which the plaintiff joined issue; 2dly, that the judgment obtained by the plaintiff against the defendant before the justice of the peace, was obtained by fraud, &c., in this, that the plaintiff agreed with the defendant- that, in consideration that he the defendant would confess said judgment, he the plaintiff as executor, &c. would assign to the defendant a certain judgment on the docket of one *Arthur* ,*Watts*, a justice of the peace, against *Nathan Baker*, which judgment though often requested he had not assigned, but fraudulently, &c. had failed so to do. The third plea avers in general terms, that the consideration for which the judgment was confessed has wholly failed; and the fourth plea is, that the judgment was confessed without any consideration whatever. To the second, third, and fourth pleas, the plaintiff demurred. The second plea is called by the defendant a plea of fraud, but we regard it as a plea of failure of consideration. It differs from the third plea only in this, that it contains certain special averments setting forth the consideration on which the judgment below was confessed, and how that consideration has failed, all of which are omitted in the third plea.

The principal question for us now to decide is, whether in an action of debt on a judgment between the same parties, the

consideration on which the judgment was obtained can be inquired into by plea?

Debts of record being sanctioned in their creation by a Court of competent jurisdiction, have certain particular properties which distinguish them from all other kinds of debts. One of these properties is, that they cannot in general by pleading be impeached, or affected by any supposed defect or irregularity in the transaction on which they are founded. Anciently, it was a settled rule and maxim of the law that nothing should be averred against a record, nor should any plea or even proof be admitted to the contrary. At the present day this rule is subject to some exceptions; as where the defendant in the original action had not notice of the suit; or where the Court had not jurisdiction of the person, or of the subject-matter in controversy. So, where a judgment has been signed upon a warrant of attorney given upon an unlawful consideration, or obtained by fraud, the Court will afford relief upon a summary application. See Cole v. Driskell, 1 Blackf. Rep. 16.—Holt v. Alloway, 2 ib. 108.—7 Petersd. 521. Doug. 196.—Cowp. 727. The rule however is not so far relaxed, as to authorise a defendant to avoid a judgment entered by a Court of competent authority on his own confession, on the ground that he confessed it without consideration, or that the consideration has failed. To what extent a Court of equity would afford relief in such cases, is not for us at this time to decide. It is sufficient now to say, that a party to such a judgment as is set forth in the declaration in the present case, is estopped at law from inquiring by plea into the regularity of the judgment, or impeaching the consideration on which it was founded. Till a judgment rendered by a Court of competent jurisdiction is set aside or reversed, it is conclusive between the parties, as to the subject-matter of it, to all intents and purposes. French v. Shotwell, 5 J. C. R. 555. S. C. 6 id. 235, and the authorities there cited. Third persons may show, that a judgment by which their interests are affected was fraudulent and covinous, for strangers ought not to be bound by such a proceeding; but it is a general rule that a person who was a party to the proceeding, or who might have been a party to it, cannot show fraud or want of consideration in the subject-matter of it, in order to repel the judgment. 1 Stark. on Ev. 252, 3, 4. These remarks are not intended to

apply to a case where the judgment has been procured by misrepresentation and falsehood. In such cases, properly made, a Court of law is competent to afford relief.

It is to be further noticed in this case, that the judgment attempted to be impeached is a judgment by confession. The Court acted upon the consent of the parties, and if such a judgment is not conclusive between the parties to it, there will be no end to litigation. He who confesses a judgment, says Chancellor *Kent,* in *French* v. *Shotwell,* or suffers it to pass by default, is concluded from defence, according to the general language of the cases.

The defendant however contends, that notwithstanding the pleas may be defective, the plaintiff ought not to have judgment, because he sued and obtained judgment before the justice of the peace in his character of executor, and therefore the justice had not jurisdiction of the cause. If the plaintiff sued on a contract made with the testator, the justice of the peace had not jurisdiction of the case, because he sued in another's right, but he may have recovered, and we presume did recover, before the justice in his own right, and on a contract made with himself. If so, this case is not within the reason of the decision in the case of *Simonds* v. *Colvert.* On the contrary, the jurisdiction of the justice extended to the case, and he had competent power and authority to determine it (1).

It is also contended by the defendant's counsel, that the plaintiff's declaration is defective, because it does not aver that the justice of the peace, on whose transcript this suit was brought, had jurisdiction of the case. It is true there is no distinct averment, in the usual form, that the justice had jurisdiction of the case, but the declaration sufficiently shows that the case, as to person, amount, and subject-matter, was within his jurisdiction, which is sufficient on general demurrer.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the first plea set aside, with costs. Cause remanded, &c.

*S. C. Stevens* and *M. G. Bright,* for the plaintiff.
*J. G. Marshall* and *C. H. Test,* for the defendant.

(1) *Vide* note to *Simonds* v. *Colvert,* Vol. 2, of these Rep, 413.—Rev. Stat. 1838, p. 364, 5.