ALLEN *v.* CHADSEY.

A judgment of a justice against a defendant without either actual or constructive notice to him of the suit, or his appearance to it, is a nullity.

*Scire facias* before a justice against a replevin bail. The *scire facias* de-

scribed the judgment as a joint one against *C.* and *D.*   Appeal to the
Circuit Court and judgment for plaintiff.   The transcript showed that *D.*
confessed the claim to be just.   The plaintiff proved by the justice, that,
at the time of the rendition of the judgment, *C.* had no notice of the
pendency of the suit; did not appear to it; and that *D.* had no authority to confess for him.   *Held,* that the judgment was not joint, and did
not tend to establish the issues on the part of the plaintiff.

ERROR to the *Parke* Circuit Court.

PERKINS, J.—*Scire facias* before a justice of the peace
against replevin bail.   Pleas, *non est factum*, and *nul tiel
record*.   Judgment for the plaintiff.   Appeal, and judgment for the plaintiff in the Circuit Court.   New trial
denied.   The judgment upon which the defendant below
became bail is described in the *scire facias* as follows:
"Whereas *John M. Chadsey*, assignee of *J. Haskins*, on
the 20th day of *August*, 1839, obtained judgment before
*Aaron Haugham*, a justice of the peace of said county,
against *Henry S. Holland* and *Isaac Springstead*, for the
sum of, &c.; and whereas *Eliphalet Allen*, did then and
there become replevin bail," &c.   The *scire facias*, it will
be perceived, describes a joint judgment against two persons.   The plaintiff upon the trial in the Circuit Court,
gave in evidence the following transcript as showing the
judgment upon which the *scire facias* was founded.

"*John M. Chadsey*, assignee of *J. Haskins* v. *Henry S.
Holland* and *Isaac Springstead*.   Demand—88 dollars and 40
cents.   *August* 20th, 1839.   Summons about to issue in the
above case and the defendant came and confessed the
claim of the plaintiff to be just.   It is therefore considered
by me that the plaintiff recover of the defendant the sum
of 80 dollars debt, and costs of suit, and the defendant
in mercy, &c.                          *Aaron Haugham*, J. P."

The plaintiff also produced *Aaron Haugham*, Esq., as a
witness, by whom he proved that said *Haugham* rendered
said judgment, and was at the time a justice of the
peace of the county of *Parke;* that, after the rendition of the judgment, an execution was issued upon it
describing it thus:   "Whereas *John M. Chadsey* obtained
judgment before me against *Henry Holland* and *Isaac
Springstead*, for the sum," &c.   He further proved that, at

the time of the rendition of the judgment, but one of the defendants, viz., *Henry Holland*, appeared before the justice; that the other defendant, *Springstead*, was at the time out of the county, and that *Holland* did not pretend to have any authority to appear and confess only for himself; that *Holland* brought *Allen*, the defendant below, to the justice at a time when he was absent from his office, and that *Allen* then and there told the justice to enter him docket-bail for *Holland* upon the judgment of *Chadsey* against *Holland;* that there was, at the time, nothing said of *Springstead;* that the justice, on his return to his office, made the following entry on his docket: "I, *Eliphalet Allen*, do acknowledge myself docket-bail for the stay of execution in the above case. *Eliphalet Allen*."

The judgment given in evidence, so far as respects *Springstead*, having been rendered without notice, actual or constructive, to him, was a nullity. *Brown* v. *Trulock*, 4 Blackf. 429.—*Anderson* v. *Miller*, id. 417.—*Barkeloo* v. *Randall*, id. 476.—*Smith* v. *Myers*, 5 id. 223.

The plaintiff, having shown that fact in attempting to prove his case, cannot object to the evidence by which it was proved. That judgment, then, was not a joint one against *Holland* and *Springstead*, and did not tend to establish the issues on the part of the plaintiff. Some other questions have been discussed in the case, but we shall intimate no opinion upon them here.

*Per Curiam.*—The judgment is reversed with costs, &c.

*E. W. McGaughey* and *J. Cowgill*, for the plaintiff.
*W. D. Griswold* and *J. P. Usher*, for the defendant.