## MILLS *v.* DURYEE.

1813.

March 10th.

*Absent....*Todd, *J.*

ERROR to the Circuit Court for the district of Columbia in an action of debt upon a judgment of the Supreme Court of the state of New York, to which the Defendant below pleaded *Nil debet,* which plea, upon general demurrer, was adjudged bad.

Nil debet is not a good plea to an action founded on a judgment of another state.

By the constitution of the United States, art. 4, sect. 1, it is declared, that " full faith and credit shall be " given, in each state, to the public acts, records and " judicial proceedings of every other state. And the " Congress may, by general laws, prescribe the manner " in which such acts, records and proceedings shall be " proved, *and the effect thereof.*"

The act of May 26th, 1790, *vol.* 1, *p.* 115, after providing the mode by which they shall be authenticated, declares, that " the said records and judicial proceed- " ings, authenticated as aforesaid, shall have such faith " and credit given to them, in every Court within the " United States, as they have by law, or usage, in the " Courts of the state from whence the said records are, " or shall be, taken."

And by the supplementary act of *March 27th*, 1804, *vol.* 7, *p.* 153, § 2, it is declared, that the provisions of the original act of 26th May, 1790, shall apply as well to the records and Courts of the respective territories of the United States and countries subject to the jurisdiction of the United States as to the records and Courts of the several states.

F. S. Key, *for plaintiff in error.*

The true construction of that part of the constitution and laws of the United States will confine their operation to *evidence* only, and will not justify such an alteration in the rules of pleading. The " *effect*" to be given to such copies is their " *effect*" as *evidence*, for it

MILLS
*v.*
DURYEE.

is not pretended that an execution could issue here upon such a record.

If *nul tiel record* is the proper plea, or could be pleaded in such a case, there are no means of procuring and inspecting the original record, (which is essential under such an issue:) and the constitution and law, not having provided for this, it must be presumed, did not intend it.

The record in this case is not the *original*—it is certified and authenticated as a *copy;* and therefore unless entitled to *more* faith and credit here than in New York, it could not be offered to the Court upon the plea of *nul tiel record,* for under that issue this record, even in New York, would not be admitted. The original must be produced and inspected.

But if this record would be entitled to such consideration in *another state,* by force of the constitution and law, it is not entitled to it in this *district,* which is not a state. 1 *Dal.* 261, *Phelps v. Holker.* *id.* 188, *James v. Allen.* 1 *N. Y. T. R.* 460, *Hitchcock v. Aicken.* 1 *Mass. T. R.* 401, *Bartlett v. Knight.*

JONES, *contra*

It is admitted that a record authenticated pursuant to the act of Congress, is to have the *effect of evidence only;* but it is evidence of the *highest nature,* viz. *record evidence.*

In every case of debt or contract the form and effect of the plea are determined by the *dignity* of that debt or contract; in other words by the dignity of the *evidence,* whether it be of record, by specialty, or simple contract.

The act of Congress makes the authenticated exemplification of the record equivalent to the *original record* in its proper state; and communicates to it the same *effect* as *evidence,* thereby making it capable of sustaining the same averments in pleading, and of abiding the same tests, as the original record. It therefore cannot be denied or controverted by any plea, such as *nil debet,* which goes to put in issue before the jury the matters averred by the record; and the existence of the record

itself; but the Defendant must either distinctly deny the record, or avoid it by pleading *per fraudem*, satisfaction, &c.   2 *Dall.* 302, *Armstrong v. Carson.*

In allowing this conclusive effect to the evidence of the authenticated record, it is immaterial that it has not the further effect of enabling the ministerial officers of the law to issue an execution thereon, for that objection would be equally valid against the record when used in its proper *state*, but out of the jurisdiction of its proper Court; and also against the sentences of foreign Courts of admiralty under the law of nations.

The act of congress communicates to the authenticated record the effect of record evidence in all Courts *within* the United States, and does not limit it to the Courts in any *state*, as supposed by the Plaintiff in error.

*March 11th....*STORY, J. delivered the opinion of the Court as follows:

The question in this case is whether *nil debet* is a good plea to an action of debt brought in the Courts of this district on a judgment rendered in a Court of record of the state of New York, one *of the United States.*

The decision of this question depends altogether upon the construction of the constitution and laws of the United States.

By the constitution it is declared that " full faith and " credit shall be given in each state to the public acts, " records and judicial proceedings of every other state ; " and the congress may, by general laws, prescribe the " manner in which such acts, records and proceedings " shall be proved and the effect thereof."

By the act of 26th May, 1790, ch. 11, congress provided for the mode of authenticating the records and judicial proceedings of the state Courts, and then further declared that " the records and judicial proceedings, au- " thenticated as aforesaid, shall have such faith and " credit given to them in every Court within the United " States as they have by law or usage in the Courts of

MILLS
*v.*
DURYEE.

"the state from whence the said records are or shall be "taken."

It is argued that this act provides only for the admission of such records *as evidence*, but does not declare *the effect* of such evidence when admitted. This argument cannot be supported. The act declares that the record duly authenticated shall have such faith and credit as it has in the state Court from whence it is taken. If in such Court it has the faith and credit of evidence of the highest nature, viz. *record evidence*, it must have the same faith and credit in every other Court. Congress have therefore declared the *effect* of the record by declaring what faith and credit shall be given to it.

It remains only then to inquire in every case what is the effect of a judgment in the state where it is rendered. In the present case the Defendant had full notice of the suit, for he was arrested and gave bail, and it is beyond all doubt that the judgment of the Supreme Court of New York was conclusive upon the parties in that state. It must, therefore, be conclusive here also.

But it is said that admitting that the judgment is conclusive still *nil debet* was a good plea; and *nul tiel record* could not be pleaded, because the record was of another state and could not be inspected or transmitted by *certiorari*. Whatever may be the validity of the plea of *nil debet* after verdict, it cannot be sustained in this case. The pleadings in an action are governed by the dignity of the instrument on which it is founded. If it be a record, conclusive between the parties, it cannot be denied but by the plea of *nul tiel record;* and when congress gave the effect of a record to the judgment it gave all the collateral consequences. There is no difficulty in the proof. It may be proved in the manner prescribed by the act, and such proof is of as high a nature as an inspection, by the Court, of its own record, or as an exemplification would be in any other Court of the same state. Had this judgment been sued in any other Court of New York, there is no doubt that *nil debet* would have been an inadmissible plea. Y t the same objection might be urged that the record could not be inspected. The law however is un-

doubted that an exemplification would in such case be decisive.  The original need not be produced.

Another objection is that the act cannot have the effect contended for, because it does not enable the Courts of another state to issue executions directly on the original judgment.  This objection, if it were valid, would equally apply to every other Court of the same state where the judgment was rendered.  But it has no foundation.  The right of a Court to issue execution depends upon its own powers and organization.  Its judgments may be complete and perfect and have full effect independent of the right to issue execution.

The last objection is, that the act does not apply to Courts of this district.  The words of the act afford a decisive answer, for they extend " to every Court within the United States."

Were the construction contended for by the Plaintiff in error to prevail, that judgments of the state Courts ought to be considered *prima facie* evidence only, this clause in the constitution would be utterly unimportant and illusory.  The common law would give such judgments precisely the same effect.  It is manifest however that the constitution contemplated a power in congress to give a conclusive effect to such judgments.  And we can perceive no rational interpretation of the act of congress, unless it declares a judgment conclusive when a Court of the particular state where it is rendered would pronounce the same decision.

On the whole the opinion of a majority of the Court is that the judgment be affirmed with costs.

JOHNSON, *J.*

In this case I am unfortunate enough to dissent from my brethern.

I cannot bring my mind to depart from the cannons of the common law, especially the law of pleading, without the most urgent necessity.  In this case I see none.

A judgment of an independent unconnected jurisdic-

tion is what the law calls a foreign judgment, and it is every where acknowledged that *nil debet* is the proper plea to such a judgment. *Nul tiel record* is the proper plea only when the judgment derives its origin from the same source of power with the Court before which the action on the former judgment is instituted. The former concludes to the country, the latter to the Court, and is triable only by inspection.

If a different decision were necessary to give effect to the 1st section 4th article of the constitution, and the act of 26th May, 1790, I should not hesitate to yield to that necessity. But no such necessity exists; for by receiving the record of the state Court properly authenticated as conclusive evidence of the debt, full effect is given to the constitution and the law. And such appears, from the terms made use of by the legislature, to have been their idea of the course to be pursued in the prosecution of the suit upon such a judgment. For *faith* and *credit* are terms strictly applicable to evidence.

I am induced to vary in deciding on this question from an apprehension that receiving the plea of *nul tiel record* may at some future time involve this Court in inextricable difficulty. In the case of Holker and Parker, which we had before us this term, we see an instance in which a judgment for $150,000 was given in Pennsylvania upon an attachment levied on a cask of wine and debt in judgment brought on that judgment in the state of Massachusetts. Now if in this action *nul tiel record* must necessarily be pleaded, it would be difficult to find a method by which the enforcing of such a judgment could be avoided. Instead of promoting then the object of the constitution by removing all cause for state jealousies, nothing could tend more to enforce them than enforcing such a judgment. There are certain eternal principles of justice which never ought to be dispensed with, and which Courts of justice never can dispense with but when compelled by positive statute. One of those is, that jurisdiction cannot be justly exercised by a state over property not within the reach of its process, or over persons not owing them allegiance or not subjected to their jurisdiction by being found within their limits. But if the states are at liberty to pass the most absurd laws on this subject, and we

admit of a course of pleading which puts it out of our power to prevent the execution of judgments obtained under those laws, certainly an effect will be given to that article of the constitution in direct hostility with the object of it.

I will not now undertake to decide, nor does this case require it, how far the Courts of the United States would be bound to carry into effect such judgments; but I am unwilling to be precluded, by a technical nicety, from exercising our judgment at all upon such cases.