COLE
v.
DRISKELL.

## COLE v. DRISKELL.

Debt will lie on the judgment of a justice of the peace in another state.

To a plea of *nul tiel record*, the plaintiff replied *there was such record*, &c., and concluded with a verification : *Held*, that the conclusion was not erroneous.

Evidence can only be made a part of the record by *oyer*, bill of exceptions, demurrer to evidence, special verdict, or consent of parties.

*Saturday,*
*May 16.*

APPEAL from the *Jefferson* Circuit Court.—This was an action of debt by *Driskell* against *Cole*, upon the judgment of a justice of the peace in *Kentucky*. The declaration contained a particular description of the recovery before the justice, and the usual reference to the record by the *prout patet per recordum*. Plea, *nul tiel record*. Replication, *there is such record, &c.*, concluding with a verification.—Judgment for the plaintiff below.

HOLMAN, J.—It is contended that the action of debt will not lie in this case, because the Court of a justice of the peace in *Kentucky*, is not a Court of record. In the decision of this point, it is unnecessary to determine, whether such a Court is a Court of record or not, for debt will lie on a judgment of a Court not of record. Foreign Courts, and Courts not of record, are, in this respect, considered in the same point of view. Debt will lie on the judgment of a foreign Court. It will also lie in *England* for a sum recovered in a Court Baron, which is not a Court of record. 1 Esp. N. P. 2 pt. 32.—3 Bl. Comm. 34. It is, however, to be remembered, that such a judgment is not to be declared on as a matter of record, but in the nature of a debt on simple contract. It only creates a demand, but does not conclude the defendant from impeaching its justice, by showing that it was unduly, or irregularly obtained. 1 Esp. N. P. supra (1).

The objection to the replication, because it concludes with a verification, cannot be supported. 1 Will. Saund. 92, note 3 (2).

As an additional reason why the judgment is erroneous, it is urged that the evidence before the Circuit Court, was insufficient to authorize a judgment for the plaintiff. This position is contended for on the supposition, that the evidence on which that Court gave their judgment is now before this Court, which is not the fact. It is true, a paper purporting to be a transcript of

a judgment given by a justice of the peace of *Kentucky*, has by some means found a place in the transcript of the record from the Circuit Court, but that circumstance alone does not render it a part of the record. Evidence, whether written or parol, whether given to the Court or the jury, does not become a part of the record, unless made so by oyer, bill of exceptions, demurrer to evidence, special verdict, or consent of parties; none of which methods appears to have been pursued in placing this paper before us. Consequently, it forms no part of the record, and can receive no attention. The judgment of the Circuit Court then, stands alone on the presumption that it was correctly given, and must be so considered by this Court.

*Per Curiam.*——The judgment is affirmed, with 10 *per cent.* damages, and costs.

*Lane*, for the appellant.

*Meek*, for the appellee.

(1) If the judgment, in this case, is considered as the judgment of a Court not of record, the *prout patet per recordum* in the declaration was surplusage, and the plea of *nul tiel record* a mere nullity : then, *nil debet* was the proper plea, and the cause was triable by the country, not by the Court. *Walker* v. *Witter*, Doug. 1.

Indebitatus assumpsit, or debt, lies on judgments of foreign Courts, and of Courts not of record. The judgment, in such case, is not considered as *conclusive*, like a domestic judgment of a Court of record, but only as *prima facie* evidence of the debt, which the defendant has the right to controvert by other evidence, though the grounds of the judgment need not be shown in the declaration. *Sinclair* v. *Fraser*, cited, 1 Doug. 4. —*Walker* v. *Witter*, supra.—*Galbraith* v. *Neville*, cited, 1 Doug. 5, note 2, and 5 East, 475, note b.—*Herbert* v. *Cook*, cited, Willes' Rep. 36, note a .—*Messin* v. *Massareene*, et ux. 4 T. R. 493, per *Buller*, J.— *Philips* v. *Hunter*, 2 H. Bl. 402, per *Eyre*, C. J .—1 Phill. Ev. 252—254.—3 Chitt. Plead. 119, note.—*Bissell* v . *Briggs*, 9 Mass . 462, per *Parsons*, C. J.—*Smith* v. *Lewis*, 3 Johns. Rep. 157, per *Kent*, C. J .—*Mills* v. *Duryee*, 7 Cranch, 481, per *Story*, J. A late distinguished writer upon the law of evidence contends, that the judgments of foreign Courts of competent jurisdiction fairly obtained, and of Courts in *Eng.* not of record, when actions are brought on them, are not merely *prima facie* evidence of the debt, but equally *conclusive* with the judgments of Courts of record in that country. 1 Stark. Ev. 208—214. The authorities above cited, however, are contrary to the doctrine he advances, and there are many others in the *U. States.*

Relative to the *effect* of judgments of the Courts of one state in those of another, the constitutional provision is as follows : "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings-of every other state; and the congress may, by general laws, prescribe the manner in which such acts, records, and proceedings, shall be proved, and the effect thereof." Const . *U. S.* a.4. s. 1. The following is the act of congress : "The

3

May Term,
1818.

COLE
v.
DRISKELL.

records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every Court within the *United States*, as they have, by law or usage, in the Courts of the state from whence the said records are, or shall be taken." 2 L. U. S. 102. Under the above art. of the const., and act of congress, the Courts have held, that a judgment in any one of the states has the same validity and effect in every other, as in the state where it was rendered; and that in an action to enforce it in the Courts of another state, no plea is admissible, which the Courts of the state where it was obtained, would not receive in a similar action. *Armstrong* v. *Carson's* Ex'rs., 2 Dall. 302.—*Rogers* v. *Coleman*, Hardin, 413 -- *Green* v. *Sarmiento*, 1 Peters' Rep. 74. —*Jacobs* v. *Hull*, 12 Mass. 25.—*Mills* v. *Duryee*, 7 Cranch, 481.—*Buford* v. *Buford*, 4 Munf. Rep. 241.—*Field* v. *Gibbs*, 1 Peters' Rep. 155.—*Hampton* v. *M'Conncl*, 3 Wheat. 234.—*Borden* v. *Fitch*, 15 Johns. Rep. 121 .—*Andrews* v. *Montgomery*, et al., 19 Johns. Rep. 162. The law on this subject was for several years unsettled. In *Hitchcock* v. *Fitch*, et al., 1 Caines' Rep. 460, the Sup. Court of *N. Y.* decided, that in actions there, on judgments rendered in other states, *nil debet* might be pleaded, as they were to be considered as foreign judgments, and only *prima facie* evidence of the demand. That determination influenced many subsequent cases. The Sup. Court of the *U. S.*, however, in *Mills* v. *Duryee*, supra, decided to the contrary, and held, that such judgments, of Courts of record, could only be denied by pleas of *nul tiel record*. Since that, the subject has been reconsidered in *N. Y.*; the case of *Hitchcock* v. *Fitch*, et al. overruled; and that of *Mills* v. *Duryee* expressly recognized as the law, with this qualification, that it was not to be understood as precluding the party from showing that the judgment had been fraudulently obtained, or that the state Court had not jurisdiction of the person of the defendant. Upon that occasion C. J. *Spencer* observed, that independently of the consideration, that a decision of the Sup. Court of the *U. S.* was entitled to their highest respect; in all cases, a decision upon provisions of the constitution, was, emphatically, entitled to their utmost respect. That he considered that Court as paramount, when deciding on an article of the constitution and an act of congress passed under its express injunction; and that whatever might be his individual opinion, he should feel it his duty to surrender it to their controling authority. That he had never, however, believed the decision in *Hitchcock* v. *Fitch*, et al., to be well founded. *Andrews* v. *Montgomery*, et al., 19 Johns. Rep. 162. Vide also *Shumway* v. *Stillman*, 4 Cowen's Rep. 292.

(2) When the plaintiff replies, as in the text, to a plea of *nul tiel record*, that *there is such record*, or to a plea of judgment recovered, *nul tiel record*, the replication concludes with a verification, and a prayer that the record may be inspected by the Court; and if the record is of the same Court, day is given the parties to hear judgment, the Court not being advised; if of another Court, day is given the party, averring the record, to produce it. This completes the pleadings. For the forms, vide 1 Will. Saund. 92, note 3.—2 Chitt. Plead. 651, 652, 673.