Curia, per
Nott, J.
The only question in this case is whether a judgment of a sister state is to rank as a judgment of this state in marshalling the assets of an insolvent estate or as a simple contract. It is admitted that the judgment of a foreign country, other than one of the United States, is considered in the nature of a simple contract. And it must be admitted, I presume, that the states are independent sovereignties, except so far as they have surrendered their sovereignty by the federal constitution. In all other respects they must still stand in relation to each other as foreign states. It is to that instrument, therefore, that we are tb look for the solution of the question now submitted to us. The 1st section of the 4th article declares that “ Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. And the Congress may, by general laws, • prescribe the manner, in which such acts, records, and proceedings shall be proved and the effect thereof.” That clause of the constitution does not appear to me to have effected any change in the nature of the judgment. It only provides that as matter of evidence it shall be entitled to. full faith and credit. Suppose the government of the United States should by treaty enter into a similar compact with Great Britain or France. It would give to the judgment no further operation than as a piece of evidence. Or suppose the constitution had declared that an affidavit taken before a person competent to administer an oath in any state should be entitled to full faith and credit in any other state, such affidavit would be considered merely as parol evidence *280 and not entitled to the dignity of a judgment or a public record.
The case of Mills vs. Durgee, 7 Cranch 481, which has been relied on does not militate against this opinion. In that case it was decided that a person could not plead nil debit to an action on the judgment of a sister state. Because such judgment is entitled to full faith and credit. It can therefore be avoided only by denying the record, which must be by the plea oí nul tiel record. The case of Hampton vs. M'Connel, 3 Wheaten 234, does nothing more than recognize the correctness oí the former decision. The constitution says Congress may prescribe the manner in which such acts, record.; and judicial proceedings shall be proved and the effect thereof. It may be contended that under these last words Congress may give to the judgment of another state the effect now contended for. But no such provision has yet been made by any act of Congress. The question, therefore, must depend upon the construction to be given to the constitution itself. And in that I concur with the judge below, and the motion must therefore be refused.
Judgment sustained,