Collet, J.,
delivered the opinion of the court:
This is an appeal from Richland common pleas, reserved on the last circuit for decision here. It is an action of debt on a transcript of a judgment of a justice of the peace of the State of Pennsylvania. The defendant pleaded, first, nul tiel record; second, payment; third, nil debet. On the two first pleas, issue was joined; to the third, the plaintiff demurred, and the defendant filed a joinder. Is nil debet a good plea in this case, is the only question.
The constitution of the United States provides that, “ Full faith and credit shall be given in each state to the public acts, records, .and judicial proceedings of'every other state, and the Congress may by general laws prescribe the. manner in which such acts, records, and proceedings shall be proved, and the effect thereof.” Congress, in May, 1790, enacted, “That thé records and judicial proceedings of the courts of any state shall be proved or admitted in any other court within the United States by the attestation'of the clerk, and the seal of the court annexed, if there be a seal, *500 together with a certificate of the judge, chief justice, or presiding magistrate, as th e case may be, that the said attestation is in due form, and the said record and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are or shall be taken.” A justice’s court, in Pennsylvania, is not a court of record; a docket and short minutes of his proceedings-are all that is kept by the justice, such as is kept by our justices of their proceedings. In Pennsylvania, the courts consider the justice’s an inferior court, and not a court of record. 2 Bin. 222. Then, nil debet would there be a good plea; if good there, it would, be good here; if the act of Congress applied to it, it would be giving it the same faith *and effect that it receives in Pennsylvania. 7 Cranch, 483. The act of Congress does not extend to such judicial proceedings. It provides for certifying the proceedings of a court having a clerk, a judge, or presiding officer, and usually a public seal, in a court' of record, to apply it to the justice’s court; he is both clerk and judge, he has a public seal, he must under his own hand and private seal certify his transcript and without other evidence of his being a justice, or any proof of his handwriting, we should have to receive in evidence a transcript of the docket from Pennsylvania, or elsewhere. Congress did not intend this. In Massachusetts, it has been determined that the law of Congress does not embrace the proceedings of a justice of the peace of the State of Connecticut; and that to art action of debt on a transcript of a justice of Connecticut, nil debet was a good plea. 3 Pick. 448.
In this state actions have frequently been brought on the judgments of justices of the peace of the adjoining states; some in assumpsit, some in debt. They, have both been sustained by the courts. The pleas of nil debet and of nul tiel record have both been sustained; and.it has, we believe, been' uniformly decided that the mode of certifying such judgments is not prescribed by the "act of Congress. The courts have invariably required other evidence of the person who certifies the transcript being a justice than his own cerifícate; usually the certificate of the clerk of the court of the county and the seal of the court.
This judgment, although not embraced within the act of Congress, is within the provision of the constitution. It is a judicial pro *501 ceeding to which full faith and credit is to be given; A state or nation is bound, and has the exclusive right to administer justice within its territories to parties there contending. When the parties have had an opportunity of being heard, and a definitive ■decree has been pronounced, a regard to this right and duty of •every state and nation, and to justice, requires that the justice of •the sentence should not be ro-examined by the tribunals of another state or nation, unless it is shown that the sentence was obtained by fraud. 2 Vat., chap. 7, sec. 84. The courts in England had not uniformly regarded .this principle of the *law of nations; therefore, it was, it is probable, that this was introduced into our ■constitution. Whether the court is a court of record or not, if it had jurisdiction of the matter and of the parties, its 'decision is •conclusive, a'nd until it is reversed the parties.can-not again litigate the same matter, unless there was fraud in obtaining the sentence. 1 Stark. Ev. 191, 208. It is as conclusive-here as in Pennsylvania and no more 'so. This is the effect it is to have whenever it is given in evidence. That the plea filed in the action is ■called nil debet, non assumpsit, or nul tiel record, can make no difference. 2. Pick. 448; 1 Stark. Ev. 213. In England, since her union with Ireland, a judgment of an Irish court of record is treated as domestic and not foreign, and the plea of nul tiel record is received in an action of debt on such judgment; but the plea .must conclude to the country, for the mode of proof is by sworn copy, and there must be a jury to try the credit of the witness. 5 East, 473. Upon the whole the demurrer must be overruled.