By the Court:
 

 Booth,
 
 Chief Justice.
 

 The act of Congress of May 20, 1790,| which provides that the records and judicial proceedings of the courts of one State shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the sealj of the court annexed, if there be a seal, together with the certificate of the judge, chief justice or presiding magistrate, that the attesta-l tion is in due form; does not, in our opinion, contemplate the authenj tication of judgments of justices of the peace. In a justice’s court! where there 'is no such officer as a clerk, the justice being the judg(| and the only officer, no such attestation and certificate as the act ini tends and prescribes, can be furnished. We have seen a note of th<T case o'f
 
 Bissell
 
 vs.
 
 Edwards,
 
 5
 
 Day’s Conn. Rey.
 
 363, in which it i| said, that in those States where a justice of the peace holds a couil of record; where he is the sole justice and has no clerks, he maf certify that he is the presiding magistrate and clerk of the court; tha there is no seal; and that the attestation is in the usual form, copy of his record thus certified, it is said, would be admissible if evidence. Whatever respect may be paid to this decision, it is suj ficient to remark, that the present case does not come within it.
 
 Tb
 
 transcript here is certified according to the act of Congress of th 27th of March, 1804, which provides the mode of authenticating nj cords and exemplifications of office books not appertaining to a cour but such authentication affords no proof that John Johnson is a jul tice of the peace, or that the transcript is a true copy from his dockr The plaintiffs ought to have furnished proof on these points, accol ding to the common law rules of evidence. Not having done s| they fail on the plea of nul tiel record.
 

 The judgments of justices of the peace of other States are not j be considered of greater dignity than the judgments of foreign courl and therefore, it is our opinion that in an action of debt brought f
 
 *411
 
 this State, on a judgment' obtained before a justice of the peace of another State,
 
 nil debet
 
 is¡a proper plea.
 

 C. G. Ridgely,
 
 for plaintiffs below.
 

 M. W, Bates,
 
 for defendant below.
 

 Judgment for defendant below.