The Assistant Vice-Chancellor
first disposed of the controverted fact relative to the authority for the issuing of *144 Cochran’s attachment in Connecticut. He then proceeded as follows:
The next question arises upon the proceedings of James F. Bunnell, by the same process of attachment, against the complainant.
The laws of Connecticut relative to the collection of debts by foreign attachment, (Statutes of Conn., compiled in 1838, page 287, <fcc.) authorize an attachment of debts due from any person to an absent or absconding debtor, in favor of any creditor of the latter, and prohibit the garnishee from paying the debt to the absent debtor, after notice of the proceeding. The statute is not limited to debtors residents of the state and temporaria absent, as was contended by the counsel for the complainant. The term, absent debtorf applies equally to nonresidents and residents; the title of the statute is “ Foreign Attachmentits provisions are obviously intended for nonresident debtors ;• and in the “ Act for the regulation of Civil Actions,” (Stat. of Conn., above cited, pp. 41, 44,) which directs in part the mode of proceeding on attachments; the statute speaks expressly of a defendant who is not a resident or inhabitant of the state. Sill v. Bank of the United States, (5 Conn. R. 102,) is an authority for the application of the act to the complainant.
The proceedings introduced by the defendants, appear to be conformable to the provisions of the statutes to which I have referred.
Assuming the proceedings to have been regular in form under the statute of Connecticut, was this a case which authorized such proceedings, so as to affect the debt in controversy here ? the complainant being a resident of New-York, not served with process or notice, and never having submitted himself to the jurisdiction of the courts of Connecticut in this particular suit or matter? I have no difficulty in saying that it was.
1. The debt to the complainant was due from a resident of Connecticut jointly with a resident of Pennsylvania, to a resident of New-York. The debtor in Connecticut was liable for the whole sum. Although as a general rule, moveables have *145 no situs, except the domicil of the owner, and a debt is payable to the creditor, and therefore is to be -rendered to fhim at such domicil; yet this is a legal fiction which yields whenever the actual situs is to be regarded for the attainment of justice.
In this case, the debt due from the Connecticut debtor to the New-York creditor, was personal property in Connecticut, subject to the operation of the laws of that state, in a variety of ways. It might be subjected to taxation, a proceeding which our legislature has heretofore enforced against debts due to non-residents. And as is the daily practice in this state, it was liable to be taken to satisfy the debts of the foreign creditor due to residents of the state where the primary debtor is domiciled. (See Story’s Conflict of Laws, 462, § 549.)
2. If this were not sufficient to bring the case within the local law, the complainant’s attempt to collect his debt there, leaves no room for doubt on the subject.
Previous to the issuing -of the attachment against the complainant, he had recovered a judgment upon his .attachment against the now defendants, in the. Fairfield County Court. The judgment was upon demurrer, and the damages were not assessed ; but it appears to have been a final judgment, and on its affirmance on appeal in the Superior Court, the damages were there assessed, upon the judgment thus rendered.
From the time of the recovery of that judgment, the situs of the debt was undeniably in Connecticut, and within the operation of their law of attachment. This being the case, the absence of the complainant, and his omission to appear in the proceedings, and his entire ignorance of their commencement and progress, do not in any degree affect their regularity or their validity as a proceeding under the statute of that state.
The next ground taken by the complainant is, that the proceedings against him by the attachment and the judgment thereon, are of no force or validity in this state for any purpose, and no evidence that any cause of action existed against him.
If the point arose in a suit here upon that judgment, or any attempt to enforce it in personam, this ground would be impregnable. Reason and authority both sustain it, in that application.
*146 By the statute of Connecticut already referred to, the court is authorized to grant a new trial to a defendant who has not had notice of the suit, or an opportunity to defend it, if they find that he had just ground of defence. (Stat. of Conn., ed. 1838, 46, § 13.)
But the position is not well taken in reference to the defence here. The attachment was purely a proceeding in rem; not purporting or claiming to be any thing more, in the absence of a service upon the party or his voluntary appearance. By force of this proceeding, the now defendants have been coerced to pay to the complainant’s creditor, the debt which they owed to the complainant.
The courts of most civilized countries would sustain the proceeding to this extent, unless fraud or collusion were shown. (See Story’s Conflict of Laws, § 549.)
In this country we have a stronger sanction in the provision pf the constitution of the United States, that “ full faith and •“ credit shall be given in each state, to the public acts, records and “ judicial proceedings of every other state,” and giving to Congress the power to declare the effect thereof. The act of Congress carrying out the constitution, gives to such judicial proceedings, the same faith and credit in every court in the United States, as they have by law or usage, in the .courts of the state from whence they emanated. (1 Story’s Laws of the U. S. 93.)
The Supreme Court of the United States has decided that by these provisions a judgment recovered in this state, is as conclusive in the District of Columbia, as it is here. Mills v. Duryee, (7 Cranch, 481.) And this decision was appoved by Spencer, Ch. J., in Andrews v. Montgomery, (19 Johns. 162,) with the qualification, that the defendant might show fraud in obtaining it, or that the state court had no jurisdiction of the person of the defendant. With these qualifications, I believe the decision in Mills v. Duryee is the settled law of this state and of all of the other states of the Union. (See the cases collected ill 2 Cowen & Hill’s Notes to Phillips’ Ev. 897.)
. Here there was no fraud shown, and-the court in Connecticut had undoubted jurisdiction in rem, against the complainant. It folloxys that I am bound in this state to give to the proceed *147 ings of that court the same faith and credit, which they would have in the state of Connecticut, and there they would form a perfect bar to the complainant’s suit upon his judgment which is the basis of this suit.
I was referred to several of our leading cases in this state, as establishing that the attachment proceeding in Connecticut was of no validity here. In some of the cases, it has been said by the learned judges who pronounced the decisions, that such a proceeding in another state (without service of process or appearance,) was a nullity in this state; that it was void, &c. But these expressions are all to be referred to' the cases which were" then under consideration; and it will be found that all those were suits brought upon the foreign judgment, as a debt, to enforce it against the person of the debtor,- in which it was attempted to set up the judgment as one binding upon the person.(a)
The distinction between the force and effect of these judgments or proceedings by foreign attachment and against garnishees, as against the property attached or garnisheed ; and as against the person of the debtor, or his property in another state or country, is very manifest. It is founded in reason and good sense, and it has been repeatedly recognised by our ablest judges in this state.
See Pawling v. Bird’s Executors, (13 Johns. 192. 206, 7;) Borden v. Fitch, (15 Johns. 121. 142;) Shumway v. Stillman,(6 Wend. 447. 451.) In Hall v. Williams, (6 Pick. 232. 241,) where Parker, Ch. J., delivered an elaborate opinion on the force of judgments recovered in other states, he says, “ such a judg- “ ment is to conclude as to every thing over which the court' “which rendered it had jurisdiction. If the property of the “ citizen of another state within its lawful! jurisdiction, is con- “ demned by lawful process there, the decree is final and conclusive.” And see Story on Conflict of Laws, ubi supra. 2 Cow. & Hill’s Notes to Phill. Ev. 907, and cases cited.
There is no force in the objection that the payment by the *148 defendant, T. F. Bunnell, to the officer having the execution against the complainant, was voluntary or gratuitous. The attachment was served on T. F. Bunnell as appears by the return, and when called upon with the execution, he was bound to payr or incur a suit by scire facias in which he would be subjected to costs, unless he could show good cause why he did not pay the officer: The defendants have established their plea, and- the bill must be dismissed with costs.

 See Douglas v. Forrest, (4 Bing. 686, 700,) where a suit was sustained in England on a Scotch judgment of horning, recovered against a native Scot.