JOHN S. MITCHELL, SAMUEL B. V. VANCE, EDGAR M. SMITH, JAMES F. TRAVIS, CHARLES BENEDICT, AARON BENEDICT, and JOHN W. BUCHANAN, trading in the name and style of MITCHELL, VANCE & CO., *v.* PHILIP GARRETT, WILLIAM FERRIS, and ZIBA FERRIS, trading in the name and style of FERRIS & CO.

Whatever may have been at one time the impressions to the contrary, it is now well and definitively settled that to render a judgment recovered in the courts of one State final and conclusive in the courts of another under the provision of the Constitution of the United States and the act of Congress on the subject, the court in which it was recovered must have had jurisdiction of the subject-matter of the suit, or the cause of action, and of the parties to it, and particularly of the defendants, and when it assumes the character of an action or proceeding *in rem*, that it had jurisdiction of the *res* or the thing itself; for in each of these respects the jurisdiction of the court-rendering the judgment may be contradicted, inquired into, and disproved in the courts of another State, notwithstanding the provision of the constitution and the act of Congress in relation to the matter.

Nor will a judgment recovered in a court of another State, by the record of which it appeared that the defendants in it resided at the time out of the State and had never been served with process in the suit, nor voluntarily appeared to it, be considered by the courts in this State to constitute at common law sufficient *prima facie* evidence of a legal indebtedness on the part of the defendants to the plaintiffs in it, to entitle the latter to recover here upon it in an action of debt, as well as in an action of *indebitantus assumpsit* on the judgment, independent of the provision of the constitution and the act of Congress before referred to.

By the common law of England and this country, a judgment of a court of law of competent jurisdiction recovered in a foreign country only imposes in the contemplation of it a legal obligation on the defendant to pay the plaintiff in it the sum so adjudicated to be due by it, on which an action of debt to enforce the judgment in their courts or our courts may be maintained at common law. But even in such an action at common law on a purely foreign judgment, if it appears by the record of it or it is proved on the trial that the defendant was not served with process in the foreign suit,

or did not appear to it either voluntarily or otherwise, or that the foreign tribunal which rendered it had not jurisdiction of the subject-matter of the suit or the cause of action, it is held to impose no legal obligation on the defendant to pay the judgment, and no action can be maintained at common law for it; and the jurisdiction of the foreign court which rendered the judgment in either of these respects may also be impeached and denied, inquired into and disproved, by evidence at the trial in any such action at common law upon it.

THIS was an action of debt at the suit of the plaintiffs against the defendants on a judgment recovered in the Superior Court of the State of Massachusetts, holden at Worcester, for the County of Worcester, at the September term, 1867, for six thousand nine hundred and nine dollars and four cents, on trustee process issued out of said court commanding the sheriff to attach the defendants, a firm doing business in the city of Philadelphia, in the State of Pennsylvania, and returned, summoned the defendants, and general demurrer to the declaration, as the whole record of the action in that court was set out in it. Heard before Wootten and Houston, Justices, at the last term, Gilpin, C. J., absent.

*Gordon*, for the defendants : The ground of the demurrer is that it is not a general judgment or a judgment *in personam* against the defendants, and was in fact obtained without service of any process upon them or any appearance of the defendants to the action or the proceeding in that court, and it was therefore not binding upon them, and no action could be maintained upon it in this court or in any court in this State. *Pritchett* v. *Clark*, 4 *Harr*. 208.

*Macallister*, for the plaintiffs : A judgment obtained in a court of any one of the United States has and is entitled to the same force and effect in every other State to which it is entitled in the State in which it is recovered. *Mills* v. *Duryea*, 7 *Cranch* 481; *Green* v. *Sarmiento*, 1 *Pet. C. C. Rep.* 80. And if it is final and conclusive in the State in which it is recovered, it will be so in every other State. *Phil. on Ev.* 174; *Curtis* v. *Gibbs*, 1 *Penn. Reps.; Field* v. *Gibbs*, 1 *Pet. C. C. Reps.* 155. And to show that this judgment is final and conclusive in Massachusetts, he cited

numerous sections of the statutes of that State. But if it is not conclusive in this State, it must have at least the effect of a foreign judgment, and is *prima facie* evidence of an indebtedness on which an action of debt, as well as *indebitatus assumpsit* will lie. *Walker* v. *Witter*, *Doug.* 4; *Sto.* on *Conf. of Laws*, secs. 592, 593, 599, 603, 608, 609; *Martin* v. *Nicholls*, 3 *Scin.* 458; *Sto.* on *Const.*, secs. 1311, 1312; 2 *Phil.* on *Ev.* 181; 1 *Stark Ev.* 276.

*Bates*, for the plaintiffs : This was not a judgment obtained on a foreign attachment in one State and sued upon in another, although at an early day before the adoption of the Federal Constitution it was contended by able counsel that such a judgment recovered in Massachusetts was final and conclusive in the State of Pennsylvania under the clause contained in the Articles of Confederation, that "full faith and credit shall be given in each of the States to the records, acts, and judicial proceedings of the courts and magistrates of every other State." *Art.* 4. But the court held after reflection that a judgment obtained on a foreign attachment, as that was, could not be final and conclusive in another State. *Phelps* v. *Holker*, 1 *Dall.* 261. There are many ways in which jurisdiction may be given to courts of law. 1 *Stark Ev.* 276 *in note.* As to notice under trustee process in Massachusetts on the defendants, it appears by the record in this case that notice was given, and it is competent for the legislature in that State to provide how the writ may be served on the defendant in it, or how notice of the institution of the suit against him may or shall be given to him, so as to make the judgment recovered in it final and conclusive against him in that State, and that they have done with regard to their trustee process which was issued in this case.

*Houston, J.*, delivered the opinion of the court: This is an action of debt on a judgment recovered by the plaintiffs against the defendants in the Superior Court of the State of Massachusetts, holden at Worcester, for the county of Worcester, at the September term, 1867, for six thousand nine hundred and nine dollars and four cents. It appears from the copy of the record that the suit there was upon what is termed

in that State trustee process, or process served upon either a nominal or a general trustee without any property of the defendants in his hands or control other than that which a fiction of law indicates in their practice, and that the plaintiffs were then engaged in business as a firm in the city of New York, and the defendants as a firm in the city of Philadelphia, and that none of the parties resided in the State of Massachusetts, and also that none of the defendants were served with process in the suit or voluntarily appeared or made any defense to it. The process was addressed to the sheriffs of the several counties of that State, and in substance commanded them to attach the goods or estate of the defendants, all of Philadelphia, in the State of Pennsylvania and co-partners doing business there, to the value of ten thousand dollars, and summon them (if they may be found in your precinct) to appear before the said court to answer unto the plaintiffs in an action of contract, to the damage, as they say, of ten thousand dollars, which shall then and there be made to appear with other due damages. And whereas the plaintiffs say that the defendants have not in their own hands and possession goods and estate to the value of ten thousand dollars aforesaid which can be come at to be attached, but have intrusted to and deposited in the hands and possession of Levi Stevens, of Fitchburg, in said county of Worcester, manufacturer, trustee of the said defendants goods, effects, and credits of the said value, we command you, therefore, that you summon the said trustee (if he be found in your precinct) to appear before the said court to show cause (if any he has) why execution to be issued upon such judgment as the plaintiffs may recover against the defendants in this action (if any) should not issue against their goods, effects, or credits in the hands and possession of the said trustee, etc., etc. To which the sheriff of the county made return indorsed thereon that he had summoned the within named trustee for his appearance at court by giving him in hand a true and attested copy of this writ, and that he afterward on the same day attached a chip as the property of the defendants within named and made diligent search for them and for their tenants, agents, or attorney, but could not find that they had any in his precinct.

The first count in the declaration sets forth the record at length, to which there is a general demurrer entered with an agreement of counsel that if it shall be overruled the cause shall stand over for trial without prejudice to the defendants from the admission of facts made by it.

There was consequently not only no service of the writ upon or appearance by the defendants to the writ, but there were no property, credits, or effects of theirs taken under it; and all this, as well as the residences and places of business of all the parties, both plaintiffs and defendants, clearly appears by the record to have been at the time out of the State of Massachusetts. But notwithstanding such a judgment so recovered has now become final and conclusive in that State by lapse of time and the failure of the defendants to appear since the entry of it to contest it, under the provisions of their statutes and the practice of their courts, and notwithstanding also the early ruling in the case of *Mills* v. *Duryea*, 7 *Cranch* 481, was much relied on by the counsel for the plaintiffs in the argument of this case before us to sustain the position assumed by them that the first section of the fourth article of the Constitution of the United States, which declares that " full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof," and the act of Congress of the 26th of May, 1790, passed in pursuance thereof, which provides among other things that " the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken," and that therefore the record of this judgment is now entitled to the same faith and credit, force and effect, in this State which it now has in the State of Massachusetts. But we must observe in the first place that there was no objection taken to the jurisdiction of the court which had rendered the judgment then under consideration in the case of *Mills* v. *Duryea* in any form whatever; and although the language employed by *Story, J.,* in announcing the opinion of the court

in that case may seem at first view broad enough to meet and obviate an objection even on that ground, yet it is now well and definitively settled by repeated decisions since, and by some of a very recent date, whatever may have been at one time the impressions to the contrary, that the court which rendered the judgment in another State must have had jurisdiction of the subject-matter of the suit or the cause of action and of the parties to it, and particularly of the defendants, and when it assumes the character of an action or proceeding *in rem* that it had jurisdiction of the *res* or thing itself, or it is not conclusive or entitled to full faith and credit as a judgment beyond the limits of the State in which it was given. And Justice Story himself was particular to qualify the general terms employed by him in the case referred to both in his Commentaries on the Constitution of the United States and in his Conflict of Laws in almost the same identical words, for in each he says the judgment of another State is put upon the footing of a domestic judgment. "But this does not prevent an inquiry into the jurisdiction of the court in which the original judgment was given to pronounce it, or the right of the State itself to exercise authority over the persons or the subject-matter. The constitution did not mean to confer a new power or jurisdiction, but simply to regulate the effect of the acknowledged jurisdiction of persons and things within the territory." 3 *Story on Cons., sec.* 1307 ; *Story's Conflict of Laws, sec.* 609. *Kent* also observes, "the doctrine in *Mills* v. *Duryea* is to be taken with the qualification that in all instances the jurisdiction of the court rendering the judgment may be inquired into, and the plea of *nil debet* will allow the defendant to show that the court had no jurisdiction over his person. It is only when the jurisdiction of the court in another State is not impeached, either as to the subject-matter or the person, that the record of the judgment is entitled to full faith and credit ; and if the suit in another State was commenced by the attachment of property the defendant may plead in bar that no process was served on him, and that he never appeared either in person or by attorney." 1 *Kent's Com.* 261 *n. c.*

Since the publication of these works the principle as stated in them has been repeatedly recognized and is now well settled by

numerous decisions in the Supreme Court of the United States, the latest being of a very recent date. In *Mahew* v. *Thatcher*, 6 *Wheat.* 129, it was held that the record of a judgment in a State court is conclusive, although it appears that the suit was commenced by attachment when the defendant appeared and made defense. And in *Hollingsworth* v. *Barbour*, 4 *Pet.* 466, it was ruled that by the general law of the land no court is authorized to render a judgment or decree against any one or his estate, until after due notice by service of process to appear and defend. Again, it has been ruled in that court that jurisdiction is acquired in one of two modes, first, as against the person of the defendant by service of process upon him, or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court ; and that in the latter case the defendant is not personally bound by the judgment beyond the property in question. *Boswell's Lessee* v. *Otis et al.*, 9 *How.* 336. Under a statute of New York which provided that where joint debtors were sued and one of them was brought into court on process, if judgment should be rendered for the plaintiff he should have judgment and execution not only against the party brought into court, but also against the other joint debtors named in the original process, in the same manner as if they had all been taken and brought into court by virtue of such process, but that it should not be lawful to issue or execute any such execution against the body or the sole property of any person not brought into court, a judgment was recovered against two partners, one of whom resided in Louisiana and had not been served with process in the action, and upon that judgment suit was brought against him in Louisiana, to which a peremptory exception was taken in the nature of a demurrer that the judgment sued upon was not one upon which suit could be brought against him in that court, and which was sustained by the court on the ground that Congress did not intend by the Act of 1790 to declare that a judgment rendered in one State against the person of a citizen of another, who had not been served with process or voluntarily made defense against it, should have such faith and credit in every other State as it had in the courts of the State in which it was rendered. *D'Arcy* v. *Ketchum et al.*, 11 *How.* 165.

It has since, however, and but very recently, been more broadly and distinctly ruled by the unanimous opinion of the Supreme Court of the United States that neither the constitutional provision that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State, nor the act of Congress passed in pursuance thereof prevents an inquiry into the jurisdiction of the court by which a judgment offered in evidence was rendered ; that the record of a judgment rendered in another State may be contradicted as to the facts necessary to give the court jurisdiction ; and if it be shown that such facts did not exist the record will be a nullity, notwithstanding it may recite that they did exist; and that want of jurisdiction may be shown either as to the subject-matter or the person or in proceedings *in rem* as to the *res* or thing. *Thompson* v. *Whitman*, 18 *Wall*. 457.    And the decision in that case was approved and affirmed by the unanimous opinion of the same court in the case of *Knowles* v. *Gaslight and Coke Company*, 19 *Wall*. 58, afterward heard in the same year, 1873. In the latter case the original judgment had been recovered in the Circuit Court of Cass County, Indiana, by default, the return of the sheriff to the original process in the suit being that he had served it personally on Knowles, the defendant in question, by reading the same to him on the day designated in the return, which he denied, and was prepared to prove in the action on the judgment was not true, but the evidence was rejected as inadmissible by the Circuit Court for the District of Minnesota in which the suit was brought upon it.    In reversing that decision the Supreme Court says :  " In our opinion the defendant had a right to show by proof that he had never been served with process, and that the Circuit Court for Cass County, Indiana, never acquired jurisdiction of his person.    As this was refused him on the ground that the evidence was inadmissible the judgment must be reversed.    We do not mean to say that personal service is in all cases necessary to enable a court to acquire jurisdiction of the person.    Where the defendant resides in the State in which the proceedings are had, service at his residence, and perhaps other modes of constructive service, may be authorized by the laws of the State.    But in

3

the case of non-residents, like that under consideration, personal service cannot be dispensed with unless the defendant voluntarily appears."

But it was further contended by the counsel for the plaintiffs that if the record of the judgment thus recovered in the State of Massachusetts was not conclusive in this court under the provisions of the constitution and the act of Congress, it must have the effect, at least, of a foreign judgment at common law, and be considered by this court as constituting in itself such *prima facie* evidence that the amount of it is due to the plaintiffs from the defendants, as will entitle them to recover in this action upon it; and this will require of us to consider for a few moments what faith and credit such a judgment recovered in the courts of a sister State of the American Union is entitled to in this independent of the provisions of the Constitution of the United States and the act of Congress, or any statute of this State on the subject, or, in other words, according to the general and fundamental principle recognized and established at common law on the subject. This rule is familiar, and has long been well settled, both in this country and in England, whence flows the common law as from its natural and original fountain, and which is clearly recognized and acknowledged so far as this country is concerned in all the cases which we have before cited; but as it has within the last few years received particular consideration and further confirmation in that country on a somewhat peculiar occasion, we will content ourselves with referring merely to the two latest cases decided in that country on the simple question presented in the case now before us, and which, though they arose as separate and distinct cases between different parties and on different days, were considered together and decided at the same time in the Court of Queen's Bench in the year 1870, and in each of which the action and the declaration was on a foreign judgment *in personam* recovered in a French court having jurisdiction of the cause of action and the parties according to the laws of France, but not of the defendants in either case according to the laws of England.

In the first of the cases referred to it not only appeared by the

record of the French judgment that the defendants were residing in England when the suit was commenced and had never been served with process in the action, but that they had afterward voluntarily appeared and been heard in it before the judgment was pronounced.    The original action was on a contract made in England, and the defense to the suit upon the judgment in the court of that country was that the French court had erred in its construction of the contract according to the laws of England, and which the Court of Queen's Bench conceded, but held, and so ruled, that it was no bar to an action on a judgment *in personam* of a foreign court having jurisdiction *over the parties and the cause of action,* that the foreign tribunal had put a construction erroneous according to English law on an English contract. And in the opinion delivered in the case the court says: " It is not an admitted principle of the law of nations that a State is bound to enforce within its territories the judgment of a foreign tribunal.    Several of the continental nations (including France) do not enforce the judgments of other countries unless where there are reciprocal treaties to that effect.    But in England and in those States which are governed by the common law such judgments are enforced, not by virtue of any treaty nor by virtue of any statute, but upon a principle very well stated by Parke, B., in *Williams* v. *Jones,* 13 *M. & W.* 633, that where a court of competent jurisdiction has adjudicated a certain sum to be due from one person to another, a legal obligation arises to pay that sum, on which an action of debt to enforce the judgment may be maintained.    It is in this way that judgments of foreign and colonial courts are supported and enforced.    And taking this as the principle, it seems to follow that anything which negatives the existence of that legal obligation, or excuses the defendant from the performance of it, must form a good defense to the action.    It must be open, therefore, to the defendant to show that the court which pronounced the judgment had not jurisdiction to pronounce it, either because they exceeded the jurisdiction given to them by the foreign law, or because he, the defendant, was not subject to that jurisdiction ; and so far the foreign judgment must be examinable." *Godard and another* v. *Gray and another, Law Reps.* 6 *Q. B.* 137.

In the other case the action, declaration and judgment sued on were similar to the former, and the judgment was also recovered in a French court, but, unlike the other, was obtained by default of appearance on their part against the defendants. The parties were all Danes, the plaintiff domiciled and engaged in business as a trader in France, and the defendants' in England, where the contract sued upon seems to have been made. Among other pleas to the action in the case was the following: that it was commenced according to the laws then and still in force in France, by process and summons, and that the defendants were not, nor were any of them, at the time of the commencement thereof, or at any time previous to the recovery of the judgment, resident or domiciled within the jurisdiction of the court, nor were the defendants, or any of them, natives of the Empire of France, and that they were not at any time before the recovery of the judgment served with any process or summons in the action, nor did the defendants appear in the action, nor had they before the recovery of the judgment any notice or knowledge of any process or summons, or of any proceedings in the action, or any opportunity of defending themselves therein. At the trial of the case before Blackburn, J., it was proved by the evidence of a French avocat that by the law of France a French subject may sue a foreigner, though not resident in France, and for that purpose an alien, if resident in France, was considered by the French law as a French subject. The mode of citation in such a case, according to the French law, was by serving the summons on the procureur imperial. If the foreign defendant thus cited does not within one month appear, judgment may be given against him, but he may still, at any time within two months after judgment, appear and be heard on its merits. After that lapse of time the judgment is final and conclusive. The practice of the imperial government was in such a case to forward the summons thus served to the consulate of the country where the defendant was resident, with directions to intimate the summons, if practicable, to the defendant; this, however, was not required by the French law, but was simply done by the government voluntarily from a regard to fair dealing. It was also proved, and the jury found by their verdict, that the defendants,

who resided and were engaged in business in London, had notice
and knowledge of the summons and the pendency of the pro-
ceedings in time to have appeared and defended the action in the
French court.  The following admissions were made by the
counsel in the case : that the judgment was regular according to
French law; that it was given in favor of the plaintiff, a for-
eigner domiciled in France, against the defendants, domiciled in
England, and in no sense French subjects and having no prop-
erty in France.  The judge held that, subject to the plea stated,
the plaintiff was entitled to the verdict, but reserved the point,
and on the hearing of the question the Court of Queen's Bench
again ruled, as in the preceding case of *Godard* v. *Gray*, that
the true principle on which the judgment of foreign tribunals
are enforced in England is that stated by Parke, B., in *Russell*
v. *Smith*, 9 *M. & W.* 819, and repeated by him in *Williams* v.
*Jones*, 13 *M. & W.* 633, that the judgment of a court of compe-
tent jurisdiction over the defendant imposes a duty or obligation
on the defendant to pay the sum for which judgment is given,
which the courts in England are bound to enforce ; and conse-
quently that anything which negatives that duty or forms a
legal excuse for not performing it is a defense to the action ;
and after adverting very fully to the argument and suggestions
of counsel concluded their opinion with the remark, "We think,
and this is all we need decide, that there existed nothing in the
present case imposing on the defendants any duty to obey the
judgment of the French tribunal," and accordingly the rule
which had been obtained to show cause wherefore the verdict
should not be altered for the defendants in the case was made
absolute.  The syllabus of the case is, "A judgment of a for-
eign court, obtained in default of appearance against a defend-
ant, cannot be enforced in an English court where the defend-
ant at the time the suit was commenced was not a subject of
nor resident in the country in which the judgment was obtained :
for there existed nothing imposing on the defendant any duty
to obey the judgment." *Schibsby* v. *Westenholz and others, Law
Reps.* 6 *Q. B.* 154.  In the latter case the court in announcing its
opinion refers to the rule of the courts of the United States on
the subject, and where it states the law as to the enforcing foreign
judgments to be the same as in England.

We are, therefore, of the opinion that neither under the provision of the Constitution of the United States and the act of Congress on the subject as now construed and interpreted on the authority of the cases first cited, nor at common law, are the plaintiffs entitled to maintain this action; and accordingly judgment must be entered for the defendants on the demurrer.