## JUDKINS *v.* UNION MUTUAL FIRE-INSURANCE COMPANY.

*Nil debet* is a good plea in an action of debt, upon a judgment rendered in
another State.

On this plea, the jurisdiction of the court by which the judgment is ren-
dered over the subject matter of the action, and over the person of the
defendant, are ordinarily alone open to investigation. The merits of the
cause cannot be reëxamined.

DEBT, upon a judgment, recovered by the plaintiff
against the defendants, before the Supreme Judicial Court
of Maine. The defendants pleaded *Nul tiel record*, and
*Nil debent*, with a set-off. To the first a replication was
filed, and to the second a general demurrer.

It appeared by the record that the suit was commenced

by the plaintiff, a citizen of Maine, against the defendants, a corporation doing business at Concord, in this county, by summoning several persons as trustees, and that no service was made on the defendants. The action was entered August term, 1854, and continued till March term, 1855, with an order of notice to the defendants. It did not appear that the order of notice was complied with, but at the March term, 1855, the record sets forth that the defendants appeared by their attorneys, and the action was continued until August term, 1855, when a trial by jury was had, resulting in a verdict for the plaintiff. The defendants moved for a new trial, and the motion was transferred to the law term, where, in June, 1856, it was denied; and thereupon at the August term, 1856, judgment was rendered upon the verdict.

*George & Foster*, for the defendants.

In this State *nil debet* is a good plea to debt on a judgment of a court of record, rendered in another State. *Thurbur* v. *Blackburne*, 1 N. H. 242; *Wright* v. *Boynton*, 37 N. H. 9; *Hall* v. *Williams*, 6 Pick. 247.

Ordinarily the plea of *nil debet* opens the whole declaration though the fact alleged may be proved by specialty or record, and the defendant may make any defence showing that he is not indebted. 2 Greenl. Ev., sec. 280.

An apparent conflict of authority in the different States, on the question of the admissibility of such a plea to an action of debt on judgment, rendered in another State, relates only to matters of practice, for as to all substantial matters there is no conflict.

Such a plea does not open the whole merits of the controversy, as it would in an action of debt founded on a foreign judgment. Under the constitution and laws of the United States, a judgment rendered in a sister State, where the court has jurisdiction of the cause and of the parties, is conclusive evidence that the defendant is indebted.

And the fact that under our practice the defendant may show that he is not indebted, does not in any way open the judgment for inquiry as to its merits; because, a proper judgment being shown, it follows as a matter of law that he is indebted. And the fact that the merits of a foreign judgment are open to inquiry, is not owing to the form of pleading, but to the legal effect of such judgment.

As the defendant is restricted to showing the invalidity of the judgment for want of jurisdiction, or to proofs of matters in discharge of such judgment, the plea and our practice under it, in no way conflict with the constitution or laws of the United States; for when the judgment contemplated by them is shown, it is allowed to have its full effect. *Bissell* v. *Briggs,* 9 Mass. 462; *Gleason* v. *Dodd,* 4 Met. 333.

The case of *Downer* v. *Shaw,* 22 N. H. (2 Foster) 277, relates to no question of pleading, but to the effect of the judgment of Vermont as evidence. The record of the judgment is *primâ facie* evidence of the facts therein distinctly stated, (*Downer* v. *Shaw*;) and if the judgment, when produced, is properly authenticated, and shows jurisdiction, it is then conclusive; not otherwise. It does not follow that the plaintiff will support his declaration by such a judgment. If the question of practice were an open one in this State, the plaintiff cannot be permitted, by anticipating the evidence not yet produced, to control the pleading.

Upon this question of the demurrer, it is unnecessary to suggest that the record of the defendant's appearance in Maine, if it were before the court for consideration, is only *primâ facie* evidence of the attorney's authority. *Gleason* v. *Dodd,* 4 Met. 337, 338; *Downer* v. *Shaw,* 22 N. H. (2 Foster) 281; *Martin* v. *Trenton Insurance Co.,* 2 Zab. 222; 16 U. S. Dig. 405, p. 145.

The copy of the record, if it shall hereafter be shown

to be properly authenticated, is only *primâ facie* evidence of the matters therein set forth relating to the jurisdiction, and the questions arising thereon may hereafter be examined by a jury.

*Butters & Goodwin*, for the plaintiff.

By and under the constitution and statutes of the United States, the judgment obtained in the court of Maine having jurisdiction, and being properly authenticated, is conclusive on the merits in this suit, brought thereon in this State, and has the operation and effect of a domestic judgment.    Const. U. S., art. 4, sec. 1; U. S. Laws, chap. 38; *Mills* v. *Duryee*, 7 Cra. 481; *Hampton* v. *McConnell*, 3 Wheat. 234; *Elliott* v. *Piersol*, 6 Wheat. 340; *McElmoyle* v. *Cohen*, 13 Pet. 312; *Green* v. *Sarmiento*, Pet. C. C. 74.

In *Downer* v. *Shaw*, 22 N. H. (2 Foster) 280, *Perley*, J., who delivered the opinion of the court, says : " After some fluctuations of opinion, the general principle appears to be well established, that where the State court has jurisdiction, its judgment is conclusive in every other State."

The plaintiff is described as an inhabitant of the State of Maine.    The defendants as a corporation, doing business in this State.    The case finds that the copy of the record of the judgment " sets forth that the defendants appeared by their attorneys."    Being a corporation, they could appear and defend only by attorney ; they could not appear in person.    The record states further, that the action was continued from term to term, until August term, 1855, when a trial by jury was had, resulting in a verdict for the plaintiff.    The defendants moved for a new trial, and the motion was transferred to the law term, where, in June, 1856, it was denied, &c.    These facts, that the defendants appeared by their attorneys ; that a trial by jury was had ; that the defendants moved for a new trial, and the motion was transferred, are all distinctly stated in the

record. They show a voluntary submission of the defendants to the jurisdiction of the courts in Maine, and being so stated they are not to be contradicted or inquired into further, here; but are to be taken as conclusive, both on the merits, and on the question of the jurisdiction of that court over these defendants in that suit. *Downer* v. *Shaw*, 22 N. H. (2 Foster) 277; *Wheeler* v. *Raymond*, 8 Cowen 311; *Field* v. *Gibbs*, Pet. C. C. 155; *Spencer* v. *Brockway*, 1 Ham. 260; *Hoxie* v. *Wright*, 2 Vt. 269; *Hollister* v. *Abbott*, 31 N. H. (11 Foster) 442; *Hall* v. *Williams*, 6 Pick. 232; *Lamprey* v. *Nudd*, 29 N. H. (9 Foster) 299; *Jacobs* v. *Hall*, 12 Mass. 225.

The plea of *nil debet* is bad on general demurrer. Story's Plead. 337; *Noble* v. *Gold*, 1 Mass. 410; Rand's Ed., in note; *Commonwealth* v. *Green*, 17 Mass. 515, 546; *Armstrong* v. *Carson*, 2 Dall. 302; *Taylor* v. *Bryden*, 8 Johns. 173; *Curtis* v. *Gibbs*, 1 Penn. N. J. 173; *Benton* v. *Burgot*, 10 S. & R. 240; *Kemp* v. *Mundell*, 9 Leigh 12; *Westervelt* v. *Lewis*, 2 McLean 511; *Crawford* v. *Simonton*, 7 Port. 110; *Bergen* v. *Williams*, 4 McLean 125; *Hensley* v. *Force*, 7 Eng. (Ark.) 756; *Buchanan* v. *Port*, 5 Ind. (Port.) 264; *Mills* v. *Duryee*, and *Hampton* v. *McConnell*, before cited.

BELL, J. The demurrer to the plea of *nil debet* brings before us the question decided by the Superior Court in the case of *Thurbur* v. *Blackburne*, in 1818, 1 N. H. 242; and we are asked to reconsider that decision. In that case it was decided that where it did not appear upon the record that the court of another State, by which a judgment in suit was rendered, has jurisdiction of the person of the defendant, by personal notice, or his appearance to the action, the plea of *nil debet* was a good plea. Many decisions had previously been made relating to the effect of such judgments, most of which were collected in a note. 1 Mass. 410, 2d ed., published in 1816. The leading cases on the question at that day were *Bissell* v. *Briggs*,

9 Mass. 462, and *Mills* v. *Duryee,* 7 Cran. 481. In the first the Supreme Court of Massachusetts, in a very elaborate and able opinion by Chief Justice *Parsons,* decided that in order to give a conclusive effect to a judgment rendered in another State, the tribunal by which it was rendered must have had jurisdiction both of the cause and of the parties; and where it has not, the fact may be shown, either by pleading or evidence; but if the jurisdiction appears, the merits of the judgment are not open to inquiry. The plea was *nil debet,* and it was *held* that under this plea the jurisdiction of the court was put in issue, but not the merits of the cause.

In the other case the opinion of the Supreme Court of the United States was delivered by Justice *Story,* then recently appointed to the bench, in which, with his habitual fluency, it was stated that *nil debet* was not a good plea to an action founded on a judgment of another State, because the act of Congress declares that the record, duly authenticated, shall have such faith and credit as it has in the State court from which it is taken. If in such court it hath the faith and credit of evidence of the highest nature, viz., record evidence, it must have the same faith and credit in every other court. The pleadings in an action are governed by the dignity of the instrument on which it is founded. If it be a record, conclusive between the parties, it cannot be denied but by the plea of *nul tiel record;* and when Congress gave the effect of a record to the judgment, it gave it all the collateral consequences.

These cases present the question as it was then understood. On one side it was contended that no judgment had the conclusive effect of a domestic judgment, unless the court had jurisdiction of the party in some mode recognized by the common law; while, on the other side, it was insisted that every judgment, which was valid and conclusive in the State where it was rendered, was equally binding and conclusive in every other State—the objec-

tion to the plea of *nil debet* resting solely on the absolutely conclusive effect of the judgment in suit.

It is proposed, by a brief examination, to show that the point stated by the judge was not decided in *Mills* v. *Duryee;* that the decision really made, was made by a divided court; that the decision had no application to pleadings in State courts ; that if it had, it has no weight as authority ; and the principle on which the decision was made has been repudiated by the same court in more recent decisions; that the case of *Thurbur* v. *Blackburne* was decided by a court having final jurisdiction of the question, with the case of *Mills* v. *Duryee* before them ; that the principles of the common law on which it rests have never been denied ; but that the point that the jurisdiction of the court rendering the judgment may be inquired into, is sustained by a great preponderance of decisions in the State courts, and by recent decisions of the Supreme Court itself; and that the decision of our court is sustained by all the decisions in this State bearing on the question to the present time.

The decision in *Mills* v. *Duryee,* so far as it seems to apply to the case of a judgment rendered without notice or appearance, was extra judicial. No question of that kind arose in the case. The judgment there in suit was one in which, in the language of the judge who delivered the opinion, " the defendant had full notice of the suit, for he was arrested and gave bail, and it is beyond all doubt that the judgment of the Supreme Court of New-York was conclusive upon the parties in that State. It must, therefore, be conclusive here, also." The decision, if understood as it should be, with reference to the case before the court, had no application to a case where it did not appear that the defendant had notice. The marginal note, if corrected, should be, that *nil debet* is not a good plea to an action founded on a judgment of another State, where it appears that the defendant had full notice of the action

by being arrested and giving bail. This is clearly all that was decided, and the broad terms used are to be regarded, as to all beyond this, as loose flourishes, or *obiter dicta* of a single judge. Thus limited, the decision is not in conflict with *Thurbur* v. *Blackburne*, and other decisions of State courts. *Gleason* v. *Dodd*, 4 Met. 337.

This case was decided against the opinion of *Johnson*, J., who observed that "there are certain eternal principles of justice, which never ought to be dispensed with. One of those is, that jurisdiction cannot be justly exercised over property not within reach of its process, or over persons not owing them allegiance, or not subject to their jurisdiction by being found within their limits. But if the States are at liberty to pass the most absurd laws on this subject, and we are to admit a course of pleading which puts it out of our power to prevent the execution of judgments obtained under those laws, certainly an effect will be given to that article of the constitution in direct hostility with the object of it." And in the case of *Hampton* v. *McConnell*, 3 Wheat. 234, the same judge subsequently held the plea of *nil debet* sufficient in the Circuit Court. The decision in that case, in the court above, adds nothing to the weight of *Mills* v. *Duryee*, as it was a mere reaffirmance of that case, without argument or investigation.

These decisions lay down no rule of pleading in the State courts, since they are made in cases arising in the Circuit Courts of the United States, which stand to the Supreme Court of the United States in the relation of inferior courts, and are bound by its decisions, upon points of pleading, as upon all other questions. The case of *Mills* v. *Duryee* was error to the Circuit Court of the District of Columbia, and *Hampton* v. *McConnell* was error to the Circuit Court of South-Carolina. *McElmoyle* v. *Cohen*, 13 Pet. 312; *Mayhew* v. *Thatcher*, 6 Wheat. 129; *Hollinsworth* v. *Barbour*, 4 Pet. 466, and *Harris* v. *Hardeman*, 14 How. 334, were all cases from the Circuit Court,

and so far as has been observed, the court of the United States has not professed or attempted to lay down a rule of pleading in these cases, except where the question arose in their own subordinate courts; so that, beside the qualification of the marginal note, before referred to, it should be further limited so as to read, *nil debet* is not a good plea *in the courts of the United States* to an action founded on a judgment of a State court, where it appears that the defendant had full notice of the action. It seems, therefore, that those State courts which have held that *nil debet* is not a good plea to a judgment of another State, have done so from deference to a decision which was never made.

But if the Supreme Court of the United States had, in terms, decided that the plea of *nil debet* was not good when pleaded in the State court to an action of debt on a judgment rendered in another State, their decision has not the weight of authority when cited in a State court. The decisions of that court, upon questions involving the construction and effect of the constitution and laws of the general government, are admitted to be paramount to those of the highest courts of the States, and to be binding upon them as authorities; but they are so only so far as the construction and effect of the national laws is concerned. The decisions of that court upon other questions, even those which are incidentally involved in cases where their decisions on other points are conclusive, are entitled to no weight in the State courts beyond that resulting from the character and ability of the court, and the force of their reasoning. The question, what is the proper mode of pleading in a given case, is a matter of remedy merely, as to which the local law always governs. *McElmoyle* v. *Cohen*, 13 Pet. 312. Congress, by their act, prescribed what was the faith and credit to be given in one State to judgments rendered in another; or, as is said in some cases, what was the effect and operation of such

judgments; but they were not authorized, and did not assume to direct any thing as to the course of proceedings or the forms of pleadings in the courts of the States. And in order to settle what was the effect of a judgment of another State, or the faith and credit to be given to it, it was not necessary to interfere with the rules of pleading. Those rules were matters of purely municipal regulation, to be governed in each State by its own laws. It would surely be a great stretch of construction to hold that, by the statute of the United States relating to the authentication of judgments of other States, and to the faith and credit to be given to them, the State of New-York was debarred from abolishing special pleading, or that the State of Louisiana, where special pleading was never admitted, should be compelled to allow the plea of *nul tiel record.*

The principle on which it was held that *nil debet* was not a good plea, in debt on a judgment rendered in another State, has been repudiated by the Supreme Court itself. That principle is, that if a judgment is conclusive in the State where it was rendered, it is equally so in every other State. In the case of *McElmoyle* v. *Cohen*, before cited, *Wayne*, J., in delivering the judgment of the court, says: "If a judgment is conclusive in the State where it is pronounced, it is equally conclusive every where in the States of the Union. If reëxaminable there, it is open to the same inquiries in every other State. Stor. Com. 183. It is therefore put upon the footing of a domestic judgment: *by which is meant, not having the operation and force of a domestic judgment, beyond the jurisdiction, declaring it to be a judgment, but a domestic judgment as to the merits of the claim, or subject matter of the suit.* When, therefore, this court said, in *Mills* v. *Duryee*, 7 Cra. 481, 'If it be a record, conclusive between the parties, it can not be denied but by the plea of *nul tiel record*,' this language does not admit of the interpretation that a plea, not

denying the judgment, but which resists it upon the ground of a release, payment, or presumption of payment from the lapse of time, whether such presumption be raised by the common law prescription, or by a statute of limitations, may not be pleaded, any more than where this court, in *Hampton* v. *McConnell*, 3 Wheat. 34, says: ' The judgment of a State court should have the same credit, validity and effect, in every court of the United States, which it had in the State where it was pronounced; and that whatsoever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any court in the United States,' *is intended to exclude such defences as have just been stated, or such as inquire into the jurisdiction of the court in which the judgment was given, to pronounce it,* as the right of the State itself to exercise authority over the persons, or the subject matter. And in the case of *Harris* v. *Hardeman*, 14 How. 334, it was held in the same court, in the clear and decided opinion of *Daniels*, J., that ' no person can be bound by a judgment to which he was never a party or privy. A judgment depending on proceedings *in personam* can have no force as to one on whom there is no process, actual or constructive, who has had no day in court, and no notice of any proceeding against him. With respect to such person, such judgment is absolutely void.' "

In no case, so far as we are aware, has the question been raised; certainly it was not in *Mills* v. *Duryee*, or in *Hampton* v. *McConnell*, whether the plea of *nil debet* was more or less objectionable than a special plea, involving the jurisdiction of the court, or validity of the judgment. The question has always been, whether any plea could be admitted besides *nul tiel record*, or, in other words, whether a judgment, valid in the State where it was rendered, could be questioned or impeached under any plea whatever. When, therefore, it is held in the Supreme Court that a judgment may be impeached for want of jurisdiction of

the person by service of process, or notice, or appearance, under any plea whatever, the whole foundation of the decisions in *Mills* v. *Duryee*, and *McConnell* v. *Cohen*, is surrendered.

Regarding the forms of proceeding and the course of pleading as a matter of merely municipal regulation, the case of *Thurbur* v. *Blackburne*, was decided by the Superior Court, as the court of highest jurisdiction known to our laws, as to questions of local law. The case of *Mills* v. *Duryee* had been decided several years before, and was before the court beyond question. They did not regard themselves as bound by its authority, and they were not convinced by its reasoning.

The positions of the court upon which they rest their decisions have never been controverted, that at common law all judgments are either domestic or foreign. The former, rendered by a court of the same government, affords incontrovertible evidence of a specialty debt, and can only be denied by a denial of the record, the plea of *nul tiel record*. The other is one rendered by a court of another jurisdiction, and affords only evidence of a simple contract debt, and in an action of debt upon it, *nil debet* is a sufficient plea. The States of the Union are, as to their judicial proceedings, distinct jurisdictions. A judgment rendered in one is a foreign judgment in every other, independently of the constitution and laws of the United States.

The words, *records* and *judicial proceedings*, are words of definite meaning at common law, and are to be so understood in the act of Congress. They include nothing as a judgment, unless it is rendered in a court of record, upon personal notice given to the defendant, or his appearance to the action, because, without these, such judgment is a mere nullity.

The judgment, then, in question, as presented to the court by the record, furnished no evidence that the defend-

ant had notice, or appeared to the suit; and it could not be presumed that the act of Congress applied to it, and the plea of *nil debet* was therefore a good plea, as it would be to any foreign judgment.

These positions being admitted, the conclusion drawn by the court seems to us to be irresistible.

If all judgments rendered in the State courts, whether rendered with notice or without, which were made valid within the State by the local statutes, were made equally effectual in every other State by the law of the United States, it might well be contended that they could be denied abroad, only as they must be at home, by a plea of *nul tiel record;* but if they are binding and conclusive in other States, only in case they were rendered on notice, or appearance, there must be some other form of pleading by which the questions of notice, or appearance, or the jurisdiction of the court, may be raised and tried; and, as has been observed, it has never been contended that the plea of *nil debet* is less suitable to raise these questions, than a special plea involving the validity of the judgment.

In suits upon judgments strictly foreign, the plea of *nil debet* opened the whole merits of the case to examination ; and if that was a necessary effect of the plea, it might well be contended that it was impliedly forbidden by the law of the United States, which in effect declares that judgments of other States, duly rendered, shall not be reëxamined upon the merits : but that is no necessary effect of the plea, and the courts, which have held that plea to be good, either directly or impliedly, have all held, since the case of *Bissell* v. *Briggs*, at least, that when it was shown that the judgment in question was rendered upon due notice, or appearance, by a court of competent jurisdiction, no examination of the case, upon its merits, was allowed by the act of Congress. Many cases may be suggested, where the effect of a judgment of another State may be brought in question, where there is no op-

portunity to plead *nul tiel record*, or any other plea, as was the case in *McElmoyle* v. *Cohen*, and yet where full effect is given to the law of the United States, by limiting the inquiry as to the validity of the judgment to the jurisdiction of the court, as to the subject matter and the persons of the parties; and there is obviously no greater difficulty in thus limiting the inquiry upon the plea of *nil debet* than where, as in the allowance of claims against an insolvent estate, no pleadings are required. There is no pretence to suggest that the law of the United States is not as effectually executed, under the plea of *nil. debet*, as it can be under any newly invented special plea, denying the jurisdiction either of the case or the person.

That the jurisdiction of the court by which a judgment is rendered in both respects, may be inquired into, is sustained by a great preponderance of authority in the State courts. The results of the later decisions throughout the country are well stated by *Perley*, J., in *Downer* v. *Shaw*, 22 N. H. (2 Foster) 280. " The judgments of courts of other States of the Union are foreign, except so far as their character has been changed by and under the constitution of the United States. After some fluctuation of opinion, the general principle appears to be now well established, that where the State court has jurisdiction, its judgment is conclusive in every other State; and that where the State court had no jurisdiction, the judgment is inoperative beyond the limits of the State where it was recovered. The record is *primâ facie* evidence of any fact therein distinctly stated, that may be necessary to give the court jurisdiction;" and he refers to the able opinion of C. J. *Shaw*, of Massachusetts, in *Gleason* v. *Dodd*, 4 Met. 335, where it was held, upon a full consideration of the authorities, that a judgment of another State is not entitled to full faith and credit under the constitution and laws of the United States, unless the court had jurisdiction of the parties as well as of the cause, and the defendant may

Judkins *v.* Union Mutual Fire Insurance Company.

impeach such judgment by proof that he had no legal notice of the suit, and never appeared therein and submitted to the jurisdiction of the court, either in person or by authorized attorney. As to any fact which is necessary to give the court jurisdiction, the judgment is not conclusive. It is *primâ facie* evidence only, and may be traversed and contested by counter proof. The same positions are supported by the learned opinion of *Paige*, P. J., in *Noyes* v. *Butler*, 6 Barb. 613, and in numerous authorities cited in these cases and elsewhere. Reference has already been made to the recent cases in the Supreme Court of the United States.

The case of *Thurbur* v. *Blackburne,* is supported by the decisions in this State during the period of forty years since its decision. *Whittier* v. *Wendell,* 7 N. H. 257, sustains it so far as it holds that a judgment rendered in another State, without notice, or an appearance, must be regarded as a nullity here ; and the fact that a party was an inhabitant here, and was never notified of the suit, or appeared, or answered to the action, might well be pleaded in bar of the action, and the same facts must be equally fatal to its validity, when it is attempted to be set up as a defence under a brief statement. *Rangeley* v. *Webster,* 11 N. H. 299, and *Downer* v. *Shaw,* before cited, distinctly support the same positions, which are also recognized in *Morse* v. *Presby,* 25 N. H. (5 Foster) 303 : in *Eaton* v. *Badger,* 33 N. H. 237 ; and in *Wright* v. *Boynton,* 37 N. H. 9.

All these decisions, and every decision which holds that the want of jurisdiction, as to the parties, may be shown under any form of pleading whatever, strike at the foundation of the early decisions in the United States court, that *nil debet* is not a sufficient plea.

Upon these views,

*The demurrer must be overruled.*